INDIVIDUAL PRACTICE RULES OF
MAGISTRATE JUDGE ANNE Y. SHIELDS

100 Federal Plaza
P.O. Box 830
Central Islip, New York 11722
Courtroom 830
Chambers (631) 712-5710
Courtroom Deputy: Jasmine Torres (631) 712-5714
Law Clerk : Rosalinde Casalini (631) 712 -5713
Law Clerk: Alison Berson  (631) 712-5712

**I.** **Electronic Case Filing (ECF)**

A. All documents in civil actions, except for ex parte settlement statements documents and voluminous documents, as described below, must be filed electronically.  Documents may be electronically filed under seal only if prior permission is granted by the Court. Information regarding electronic filing is available on the Eastern District website.  Questions regarding ECF filing or training on ECF should be directed to Cinthia Mahon in the Central Islip Clerk's office at (631) 712-6030

B. All attorneys representing parties in cases assigned to this court must file a Notice of Appearance and register to receive ECF notifications prior to filing any documents, and prior to making a personal appearance before the court.

C. Orders of the court will be electronically docketed and no hard copies will be mailed to counsel.

D. Any document seeking relief of any kind from the court must be electronically filed as a "Motion," and not as a "Letter" under the ECF "Other Documents" option.

E. Unless otherwise ordered, and subject to the exceptions set forth herein, courtesy copies of electronically filed documents should not be provided to the court. Courtesy copies of the following documents must be provided to the court: (1) motions with exhibits or attachments exceeding 15 pages; (2) motions referred for decision to this court by District Court Judges.  All courtesy copies submitted to Chambers must be marked "Courtesy Copy," "Original Filed ECF" with the assigned docket entry indicated.  Courtesy copies of exhibits and appendices are to be clearly labeled and tabbed and where, appropriate may be submitted in a binder. Such copies should not be "Velobound." Courtesy copies should be mailed to Chambers on the filing date; overnight or expedited mail is not required unless otherwise ordered by the Court.

F. Counsel need not electronically file documents in excess of 50 pages or documents that cannot be readily converted to a form that may be electronically filed. In such cases, counsel must electronically file the letter or notice of motion to which the non-electronically filed material is attached. A hard copy (for filing) and a courtesy copy of such documents must be

provided to the court. Copies of such documents must also be provided to opposing counsel. Questions regarding such documents may be addressed to the court.

**II.     Communication with Chambers**

A.      Telephone Calls

Telephone calls to chambers are permitted. Calls regarding scheduling of criminal matters should be directed to the Courtroom Deputy at (631) 712-5714   Calls regarding civil matters should be directed to the Law Clerks at (631) 712-5710   Calls regarding the substance of any matter should be made only jointly with opposing counsel on the line. As officers of the court, counsel are responsible for informing all adversaries of any communication with Chambers.

B.      Faxes

Except for settlement statements, faxes are not permitted to be sent to chambers without prior permission of the court.

C.      Urgent Communications

In the event that a submission requiring immediate attention is filed ECF and not reviewed by Chambers on the filing date, counsel may call Chambers. Any such telephone call must be made only after the ECF filing is made.

**III.    Adjournments and Extensions of Time**

In the absence of extraordinary circumstances, all requests for adjournments of any kind are to be made via an ECF motion, and are to be made no later than 48 hours prior to the scheduled appearance date or deadline. Prior to seeking any adjournment, the parties are expected to confer and grant each other the courtesy of agreeing to reasonable requests to adjourn, especially upon the first request for any adjournment. All requests for adjournments must include the following information:

1.      The original date of the appearance or deadline;

2.      Whether there have been prior requests for adjournment;

3.      Whether all parties consent to the adjournment, and in the event that any party refuses to consent to the adjournment, the reason for that refusal;

4.      Three agreed upon suggested dates for adjournment (in the absence of consent, the requesting party may suggest three dates that are acceptable).

In the event that the requested adjournment affects any other scheduled dates, a proposed revised scheduling order must be attached to the motion.

Requests for extensions of time in which to file a pretrial order must be made to the assigned District Judge

### IV.     Pro Se Litigants

Unless otherwise ordered, pro se litigants are exempt from ECF filing requirements. Parties represented by counsel in cases involving pro se litigants are not similarly exempt. The Court will mail copies of orders to pro se litigants who are responsible for keeping contact information and, if ordered, an e-mail address, on file with the Court or risk dismissal of claims..

Pro se parties without ECF access must make filings via hand delivery or U.S. mail: to the designated "pro se clerk" in the clerk's office, to the attention of Magistrate Judge Shields and the assigned District Judge, and by U.S. mail to the attorneys for all other parties. Copies of court orders will be provided by the court to pro se litigants via U.S. mail and need not be served by opposing counsel, unless directed by the court. All pro se litigants and represented parties opposing pro se litigants are directed to the relevant Local Civil Rules, including Rules 7.1, 12.1, 33.2 and 56.2.

Questions and assistance regarding pro se litigation may be addressed to the Court's pro se office at (631) 712-6060.

### V.     Initial Conferences

The court will schedule a Rule 16 initial conference after issue is joined and the parties have had the opportunity to conduct a Rule 26 conference. Pursuant to Rule 26(f), the parties must confer prior to the conference to discuss the claims and defenses in the lawsuit as well as the nature and extent of disclosure and discovery necessary to reach a prompt disposition of the matter. The parties' Rule 26 conference should also include a discussion of the exchange of electronically stored information ("ESI"). Upon scheduling of the Rule 16 conference, the Court will provide a uniform informational and discovery worksheet for the parties to jointly complete and present to the court prior to the Rule 16 initial conference. That worksheet shall be submitted to the court via ECF no later than two days prior to the initial conference.

### VI.     Discovery

### A.     General Discovery Rules

   1.     Uniform Definitions in Discovery Requests

Counsel are directed to consult the Local Rule 26.3 which sets forth "Uniform Definitions in Discovery Requests." The definitions set forth therein are deemed incorporated in all discovery requests and counsel are directed to refrain from the use of any other definitions of

the terms set forth therein.  Counsel need not draft specific definitions in discovery requests but may reference the local rule in such requests.

    2.    <u>Claims of Privilege</u>

Counsel are directed to consult Local Rule 26.2 for directions as to the proper way to assert claims of privilege.

**B.**    **<u>Tiered Discovery</u>**

Discovery shall proceed in tiers designed to minimize the expense and burden to the parties and to facilitate the earliest possible settlement or trial of the matter.

    1.    <u>Tier One Discovery</u>

Tier One Discovery shall consist of the exchange of initial disclosures and any other readily available documentary evidence supporting claims or defenses. Counsel shall confer to consider the scope of such discovery and, if appropriate, include the exchange of documents addressed to the existence of personal and federal subject matter jurisdiction and venue. During Tier One discovery, the parties should engage in initial discussions regarding the production of electronically stored information ("ESI"). Tier One discovery is expected to be completed within 60 days of the initial conference. The scope of Tier One discovery (including any agreements reached regarding the exchange of ESI) must be discussed prior to the initial conference and the parties should appear at the conference ready to enter into agreement as to the scope of such discovery.

At the conclusion of Tier One Discovery, the parties should be in a position to enter into meaningful settlement discussions and a settlement conference will be scheduled following the completion of such discovery. That conference will be governed by the "Settlement Conference" rules set forth below.

    2.    <u>Tier Two Discovery</u>

Tier Two Discovery is the balance of discovery necessary to prepare for trial.  Tier Two discovery includes documentary discovery not previously undertaken, including the full production of ESI and the taking of all depositions. Tier Two discovery shall be taken in accord with the scheduling order entered at the initial conference.

**C.**    **<u>Discovery Disputes/Motions</u>**

Counsel must first undertake a good faith effort to resolve any discovery disputes, including a request to limit or terminate a deposition, without court intervention.  Where attorneys cannot agree upon resolution of a discovery dispute, they shall initiate a conference call with this court by calling chambers at (631) 712-5710. Attorneys may **not** bring a discovery motion before the court, either by way of motion or letter, unless authorized to do so after the telephone conference is held.  In the event that a discovery dispute raised in a telephone

conference is not resolved during the telephone conference, counsel will be instructed as to the procedure and time frame for the making of a formal motion.

### D.      Form Stipulation and Order of Confidentiality

A "Stipulation and Order of Confidentiality" in the form annexed hereto as Appendix A is to be used in cases requiring the exchange of what the parties deem to be confidential information. This form order is presumptively entitled to approval by this court. Any changes to this form of order are to be submitted for court review along with an explanation as to why the proposed change is necessary.

### VII.    Settlement Conferences

Settlement conference will be scheduled upon the close of Tier One discovery and/or upon the request of the parties. All settlement conferences will be governed by the following procedure:

#### A.      Exchange of Demand and Offer

Prior to any settlement conference the parties must exchange a demand and offer. At least fourteen (14) days prior to the conference, Plaintiff's counsel must communicate a written demand to Defense counsel. That demand must explain the reason why the demand is appropriate. The demand must also reference any mathematical calculation used to support the demand. For example, in a case seeking the payment of minimum wages or overtime payments, the demand should reference the hourly wage asserted and the number of hours worked, along with any support for a claim of statutorily enhanced damages. Claims of lost wages and medical expenses should be similarly supported.

No later than seven (7) days prior to the scheduled conference, Defense counsel must respond to Plaintiff's counsel's demand. That response must contain a clear reply to the offer of settlement, and an explanation as to its propriety.

#### B.      Settlement Statements

No later than three (3) business days prior to the settlement conference, each party shall fax an ex parte confidential settlement statement not exceeding three pages to the Court. The settlement statement shall set forth the current demand and offer, and specify the terms under which the party is willing to settle the matter. The settlement statement must indicate whether the terms are negotiable and include all material terms of the proposed settlement, including the settlement amount, time for payment, requests regarding injunctive relief and confidentiality, and the inclusion of attorney's fees.

#### C.      Settlement Conference

Parties and/or insurers with authority to settle must attend the settlement conference. If a settlement requires approval of a governmental body or board of directors, the party attending the conference must be authorized to approve and submit a recommendation to that entity.

## VIII. Motions

### A. Judge to Whom Motions are to be Made

Unless specifically ordered otherwise by the assigned District Court Judge, all non-dispositive motions are to be made to this court. All dispositive motions (e.g., motions to dismiss, motions for change of venue, motions to amend pleadings and motions for summary judgment) are to be made to the assigned District Court Judge in accord with the rules of that Court. Requests for extensions of time in which to file pretrial orders are to be directed to the appropriate Judge as set forth in the individual rules of the assigned District Court Judge.

### B. Motions for Admission *Pro Hac Vice*

Motions for admission *pro hac vice*, together with a proposed order admitting the attorney shall be served and filed. Counsel are directed to consult Local Rule 1.3(c) and sample forms available on the Eastern District website.

### C. Pre-Motion Conferences in Civil Cases

For procedures regarding discovery motions, see Rule VI(C) requiring that discovery disputes be raised first by way of conference call. For all other motions where parties are represented by counsel, a pre-motion conference is necessary. A pre-motion conference can be requested by way of an electronically filed letter. Such letters are to be filed as ECF motions seeking a court conference. Letters requesting pre-motion conferences shall state, in brief, the grounds for the motion, shall not exceed two pages, and shall not include affidavits or exhibits. All parties served with a pre-motion letter shall serve and file a letter response, not to exceed two pages, within seven days from service of the pre-motion conference letter.

A briefing schedule will be established at the pre-motion conference. Absent extraordinary circumstances or unless this court orders otherwise, pre-motion conferences shall be held in person and not via telephone conference.

### D. Motions in Cases in Which Parties Have Consented to Magistrate Judge Shields

Parties may consent to refer a civil case to Magistrate Judge Shields for all purposes, including entry of judgment. Parties may also consent to the jurisdiction of Magistrate Judge Shields for the limited purpose of rendering a decision on a dispositive motion. In referred cases, a pre-motion conference is necessary before any motion is made. A pre-motion conference can be requested by way of an electronically filed letter pursuant to the procedure set forth in Rule VIII(C) above.

  E.  Memoranda of Law

Memoranda of law in support of and in opposition to motions shall not exceed twenty-five pages in length.  Reply memoranda of law shall not exceed ten pages in length. With the exception of bringing newly decided cases or law to the attention of the court, and unless otherwise ordered, there shall be no additional briefing.  All memoranda of law shall contain a table of contents and authorities.  All memoranda of law shall use at least one inch margins, double spacing and be in 12 point type.  Footnotes need not be double spaced but must be in the same 12 point type as text.

  F.  Service and Filing of Motion Papers

No motion papers are to be filed until the motion is fully briefed. The notice of motion and all supporting papers are to be served on all other parties along with a cover letter setting forth whom the movant represents and identifying the papers being served.  A copy of this cover letter is to be electronically filed.  A party responding to a motion shall serve the moving party with a courtesy copy of the responding papers, for later filing with the court.

On the date that the motion is fully briefed, each party shall be responsible for the electronic filing of its own motion papers, but the moving party shall be responsible for furnishing Chambers with a full set of courtesy copies of the motion papers, together with a cover letter specifying each document in the package.  A copy of this cover letter is to be sent to opposing counsel.

  G.  Oral Argument

In the ordinary course motions are taken on submission.  Parties may request oral argument.  The Court will determine whether oral argument will be heard and, if so, will advise counsel of the date for argument.

## IX. Pretrial Procedures in Cases Where Parties Consent to Trial Before This Court

  A.  Joint Pretrial Order:  Sixty days following the completion of discovery the parties shall submit for approval of the court a joint pretrial order, which shall include the following information:

  i.  A full caption of the action;

  ii.  The names, addresses, telephone numbers and email addresses of all trial counsel;

  iii.  A statement as to whether the issues of: (1) subject matter jurisdiction (2) personal jurisdiction and (3) venue are contested. In the event that any of these issues are contested, a statement shall be provided by the party raising the objection regarding the basis for such objection.

   iv. A statement identifying the claims to be tried. Such statement should not include a recitation of facts or evidence but must include citation to the statutory basis for any claims or defenses.

   v. A statement as to whether the case is to be tried to the court or before a jury;

   vi. An estimate as to the number of trial days that will be needed;

   vii. A list by each party of all fact and expert witnesses that are expected to testify as part of its case in chief. For each witness, indicate whether the witness will testify live, via deposition or via any other agreed upon means. In the absence of the giving of prompt notice and good cause for supplementing the exchanged witness list, only those witnesses listed will be permitted to testify.

   viii. A list by each party of exhibits to be offered as part of its case in chief. All exhibits listed must be marked and exchanged among the parties. This exchange is required even if the exhibits are already in the possession of the other party. Exhibit lists must indicate whether there are objections to admissibility or whether the exhibits are stipulated as admissible. Counsel are expected to resolve prior to trial all objections as to authenticity or chain of custody. In the absence of the giving of prompt notice and good cause shown for supplementing the exhibit list, only those exhibits listed will be permitted to be used at trial.

   ix. A designation by each party of deposition testimony to be offered in its case in chief, along with any cross-designations and objections by any other party.

  B. <u>Filings To Be Made Prior To Jury Trials</u>

 Unless otherwise ordered by this court, two weeks prior to the date set for jury selection, each party shall file:

   i. A statement of issues that any party intends to raise as a motion in limine. In the event that any such issues are raised, the Court will schedule a pre-motion conference.

   ii. Any agreed upon stipulation as to what shall be received in evidence.

   iii. Proposed jury charges. Counsel need only prepare charges as to the elements of the claims. The Court will prepare a jury charge regarding general instructions. After review of the Court's general charge, counsel may request any additional charge deemed appropriate for the facts of the case to be tried.

   iv. On the first day of trial, counsel shall provide the Court with a copy of all exhibits, appropriately labeled and indexed. Exhibits may be placed in binders.

  C. <u>Filings Required For Non-Jury Trials</u>

       i.      One week prior to trial, the parties shall file a trial memorandum of law setting forth a brief statement of facts and the legal issues to be tried, along with an analysis of the applicable law.  The trial brief shall also contain a statement as to the relief sought.

       ii.     Two weeks after the transcript of the trial is prepared and available for ordering, the parties shall simultaneously file via ECF, with a courtesy copy to Chambers, proposed findings of fact and conclusions of law.  Such submissions shall include precise citations to the trial transcript and exhibits, together with supporting legal authority.

Appendix A:

### STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

The following provisions shall govern the exchange of confidential information in this matter:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated as confidential are to be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to connectively as "Confidential Information."

2. Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

    d. Subject to the condition set forth in Paragraph 6 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    e. Subject to the condition set forth in Paragraph 6 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

5. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

      a.      inform the person of the confidential nature of the information or documents;

      b.      inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.     The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(d) and (e) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7.     The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after that close of discovery or fourteen (14) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

8.     All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

9.     At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

     The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: _____ have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

_____  DATED:

Signed in the presence of:

_____

(Attorney)

(3/19/15)