UNITED STATES DISTRICT COURT:
EASTERN DISTRICT OF NEW YORK
——————————————————X
VIS VIRES GROUP, INC.

                Plaintiff,        Civil Action No.: CV-16-0470 (ADS) (AYS)

-against-

ENDONOVO THERAPEUTICS, INC.
AND ALAN COLLIER,

                Defendants.
——————————————————X

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendants, ENDONOVO THERAPEUTICS, INC. and ALAN COLLIER, move this Court for a Motion on the Pleadings, on a date and time to be set by the Court, before the Honorable Arthur D. Spatt, U.S. District Judge, Eastern District of New York, at the United States Courthouse Courtroom, 1020 located at 100 Federal Plaza, Central Islip, New York pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to enter an order of judgment on the pleadings, and dismiss with prejudice Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim. Defendant also seeks reasonable costs and attorneys' fees in connection with this motion. For support, Defendant submits an accompanying Memorandum of Law in Support of Defendants' Motion on the Pleadings, with supporting Exhibits.

March 30, 2016

                                            /s/ Robert J. Young
                                            _____

                                            Robert J. Young
                                            Ellsworth & Young LLP
                                            Lindenbaum & Young PC
                                            11-11 44th Road
                                            Suite 303
                                            Long Island City, NY  11101
                                            (718)875-8000
                                            rjy24@aol.com

UNITED STATES DISTRICT COURT:
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
VIS VIRES GROUP, INC.                                   Civil Action No.: CV-16-0470 (ADS) (AYS)

                    Plaintiff,

-against-]

ENDONOVO THERAPEUTICS, INC.
AND ALAN COLLIER,
                    Defendants.
---------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Robert J. Young
Ellsworth & Young LLP
Lindenbaum & Young PC
11-11 44th Road
Suite 303
Long Island City, NY  11101
(718)875-8000
rjy24@aol.com

2

## INTRODUCTION

This Memorandum of Law is submitted in support in of the Motion of Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint, on the ground it and it fails to state a claim on which relief can be granted and upon res judicata as to the Second & Fifth Causes of Action.

## STATEMENT OF FACTS

This is an action brought by a predatory lender to emerging growth companies on the OTC-BB (Over the Counter Bulletin) stock exchange, wherein the Plaintiff, led by a FINRA (Financial Industry Regulatory Authority) censored and previously labeled "bad actor" under FINRA Rule 6490 and duly fined by the SEC (Securities and Exchange Commission), now seeks to enforce criminally usurious promissory notes in violation of New York Banking Laws and the New York Penal Code after Defendant ENDONOVO THERAPUETUICS, INC., by its Chief Executive Officer, Defendant ALAN COLLIER, refused to honor its terms after his discovery of its illegal nature. Despite demand by Defendants to Plaintiff to substantiate that it was a legal and validly enforceable obligation, Plaintiff brought this suit and seeks equitable relief on money it lent and for the enforcement of an agreement in addition monetary damages

The Complaint alleges Plaintiff made two loans to the Defendants: (i) on July 9, 2015, the Plaintiff made a loan to the Defendants in the principal amount of $33,000; and (ii) on August 10, 2015, the Plaintiff made a loan to the Defendants in the principal amount of $33,000. The Complaint also alleges that in connection with each loan, the parties executed a securities agreement and Endonovo issued a promissory note to the Defendants. Under the terms of the July 2015 SPA, the Plaintiff agreed to pay

Endonovo $33,000 in exchange for the issuance of a "8% convertible promissory note" on the part of Endonovo in the aggregate principal amount of $33,000, which was to be "convertible into shares of common stock, $0.0001 par value per share, of [Endonovo], upon the terms and subject to the limitations and conditions set forth in such Note. In compliance with the terms of the SPA, Endonovo issued the July 2015 Note under which it promised to pay the Plaintiff the principal amount of $33,000, plus interest at a rate of 8% per year, by April 13, 2016, the maturity date of the Note. The Complaint further alleges a Notice of Conversion was sent to Endonovo in connection to the July 9, 2015 note and that Defendants failed to convert the Stock pursuant to said notice and alleges that Endonovo replaced its transfer agent and failed to provide fully executed Irrevocable Transfer Instructions.

## THE AMENDED COMPLAINT WAS IMPROPERLY FILED. THIS ACTION WAS DISMISSED WITHOUT PREJUDICE BY THE COURT AND A NEW ACTION MUST BE COMMENCED BY PLAINTIFF

### PROCEDURAL HISTORY

Movants respectfully refer the Court to the purported Amended Complaint, dated March 9, 2016, which is attached as Exhibit A; the decision dated March 1, 2016, dismissing the original complaint without prejudice which is attached as Exhibit B; and the original Complaint dated January 29, 2016, which is attached as Exhibit C.

The original complaint, field and dated January 29, 2016, was dismissed without prejudice by the Court on March 1, 2016 upon the Court's finding of lack of jurisdiction. Rather than giving Plaintiff leave to serve an Amended Complaint, the Court granted the Plaintiff "leave to renew" within 30 days of the order. On March 9, 2016 the plaintiffs

filed a purported "Amended complaint", which is not what the Court's order stated. Notwithstanding such an egregious procedural trick by Plaintiff, instead of commencing a new action and serving Defendants, Defendants now are compelled to respond thereto with this Motion in response to this purported short-cut, "Amended complaint."

While this March 9, 2016, "Amended Complaint properly omits the cause of action alleging a 10-b violation to correct one of the reasons the case was dismissed, it ignores the fact that the Court, in its March 1, 2016, order dismissed the entire complaint upon its finding that no federal question existed upon which to base jurisdiction.

However, and more poignantly, the Court also addressed and essentially disposed of the fraudulent inducement cause of action and the preliminary injunction cause of action both of which are now improperly pled but again in this in the March 9, 2016, "Amended" Complaint. Defendants contend, if the Court even considers this Motion, as there is no pending action for such an "Amended Complaint" to be filed, those causes of action cannot stand as they should be dismissed on the basis of res judicata.

The March 9, 2016, "Amended" Complaint now alleges jurisdiction based on diversity and an amount in controversy over and above the jurisdictional amount of $75,000.00.

## FIRST CAUSE OF ACTION: PLAINTIFF HAS NOT ADEQUATELY PLED PROMISSORY NOTE DEFAULTS

First and foremost, the gravamen of the Complaint is based upon the alleged default of certain promissory notes, both of which are not even due as of yet. This fact,

in and of itself, renders the Complaint not ripe for adjudication since, obviously, no breach can be said to have occurred if the date for payment has not passed.

Additionally, in the instant case, the essential elements to even render the instrument a promissory note are missing. A promissory note is an instrument for the payment of money only, provided that it contains an unconditional promise by the borrower to pay [*4]the lender over a stated period of time (see Lugli v Johnston, 2010, 78 ad3d 1133[2d Dept. 2010]; Comforce Telecom, Inc. v Spears Holding Co., Inc., 42 AD3d 557 [2d Dept. 2007]). The complaint alleges that subject instrument calls for stock pursuant to a notice of conversion. As such the instrument does not call for the payment of money, only and, therefore, cannot be treated as a promissory note. Hence, there can be no breach and this cause of action is fatally defective and must be dismissed.

### SECOND CAUSE OF ACTION: PLAINTIFF HAS NOT ADEQUATELY PLED A FRAUDULENT INDUCEMENT CLAIM AND THIS FRAUDULENT INDUCEMENT CLAIM IS BARRED BY THE DOCTRINE OF RES JUDICATA.

Plaintiff has failed to state causes of action for fraudulent inducement. This claim is based upon purported contract claims and is, therefore, not sufficient to extend liability to tort. To recover damages for fraud based upon a contract, a plaintiff must prove a breach of duty distinct from or in addition to the breach of contract. *See Courageous Syndicate, Inc. v. People-To-People Sports Committee, Inc.*, 141 A.D. 2d 599, 600 (2d Dep't 1988). It is axiomatic that "general allegations that defendant entered into a contract while lacking the intent to perform it are insufficient" to support a fraud claim. *New York Univ. v. Continental Ins. Co.*, 87 N.Y. 2d 308, 318 (1995). Plaintiffs have not alleged any duty other than the Defendant's alleged contract duty.

Plaintiffs have not alleged the requisite elements of a fraud claim with particularity. Pursuant to CPLR § 3016(b), where a cause of action is based upon fraud, the circumstances constituting the wrong must be stated in detail. To state a claim for fraudulent inducement, Plaintiff must allege a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury. See Glatt v. Mariner Partners, Inc., 63 A.D. 3d 428, 429 (1st Dep't 2009). Plaintiffs fail to even allege generally facts that would raise an inference of fraudulent intent on the part of the defendants. New York Univ., 87 N.Y. 2d at 318-319 ("conclusory allegations that defendants engaged in a [fraudulent] scheme" were insufficient). Plaintiffs have failed to plead the requisite elements of fraud generally, let alone with any particularity.

Further, and most importantly, the Court's March 1, 2016 decision disposed of the fraudulent inducement claim [See page 24 of the decision attached as Exhibit B]:

> "In the present case, the Plaintiff asserts legal claims — namely, breach of contract and tortious interference — and an equitable claim — namely, fraud in the inducement. In addition, Plaintiff seeks monetary relief in the form of compensatory damages, lost profits, and litigation expenses, as well as equitable relief in the form of a permanent injunction directing the Defendants to comply with the Plaintiff's January 21, 2016 Notice of Conversion.
>
> However, the Court finds that although some of the Plaintiff's claims sound in equity, those claims are entirely duplicative of the Plaintiff's breach of contract claims. Specifically, the parties' relationship is governed by the terms of the July 2015 Note and SPA, and the Defendants' alleged failure to submit to the Plaintiff's Notice of Conversion is a breach of those agreements. The Plaintiff's entitlement to relief on both its contract and equitable claims is based on interpreting the Note and SPA and not based on the principles of equity, such an unjust enrichment. Indeed, the Plaintiff's fraud in the inducement claim is based on alleged "fraudulent misrepresentation[s] of [Endonovo] and Collier contained within the Notes and Agreements and confirmed within resolutions of the Board of Directors of the Corporate Defendant including but not limited to the representations that [Endonovo] would not fail to comply with the conversion requirement of the Notes[.]" (Compl., Dkt. No. 1, at ¶ 29.) Thus, the essence of the Plaintiff's fraud claim is a breach of the Defendants' obligations under the July 2015 Note and SPA, not a breach of a fiduciary or other duty imposed outside the four corners of the parties' written contracts."

7

As such, the fraudulent inducement claim should be dismissed as it is barred by the absolute doctrine of res judicata.

### THIRD & FOURTH CAUSES OF ACTION: PLAINTIFF HAS NOT ADEQUATELY PLED THE CAUSES OF ACTION SEEKING LOST PROFITS AND LITIGATION FEES

The third & fourth causes of action refer to damages upon an alleged breach of contract claim. However, the breach of contract is improperly set forth in the first cause of action as the default of a promissory note. As stated above, the payment of the purported note is not even due until April 13, 2016, and the Complaint alleges to call for the conversion of stock contrary to the payment of money, only, which, as stated above, is a requisite element of a promissory note.

The lost profit claim cannot be sustained as the complaint itself alleges a liquidated damages clause of 2x the principal amount in the event of a default. [See paragraph 29 of the Amended Complaint].

Further, the claim for litigation fees is not ripe and can only be awarded to a prevailing party. The litigation fees may only be awarded at the conclusion of the action and in the instant case, should be awarded to the Defendants as the prior complaint was dismissed by the Court and further if the within motion to dismiss is granted.

### FIFTH CAUSE OF ACTION: PLAINTIFF HAS NOT ADEQUATELY PLED CLAIM FOR INJUNCTIVE RELIEF AND THE INJUNCTIVE RELIEF CLAIM IS BARRED BY THE DOCTRINE OF RES JUDICATA

The injunctive relief has been denied by the within court. The claim for injunctive relief should be dismissed as the court has already ruled that there is an adequate remedy in the form of money damages and the plaintiff has failed to establish irreparable harm. The decision dated March 1, 2016 at page 29 states:

"Accordingly, the Court finds that even if it had jurisdiction over this action, the Plaintiff's motion for a preliminary injunction would fail because it does not adequately demonstrate irreparable harm".

As such, the cause of action seeking injunctive relief should be dismissed

### SIXTH CAUSE OF ACTION: PLAINTIFF HAS NOT ADEQUATELY PLED A TORTIOUS INTERFERENCE CLAIM

To sustain this type of tortious interference claim, a plaintiff generally must allege the existence of a contract between the plaintiff and a third party, the defendant's knowledge of the contract, the defendant's intentional inducement of the third party to breach or otherwise render performance impossible, and damages to the plaintiff. See, e.g., Israel v. Wood Dolson Co., 1 N.Y.2d 116, 120, 134 N.E.2d 97, 99, 151 N.Y.S.2d 1, 5 (1956).

In the instant case, plaintiff tortious interference claim against Collier is insufficient as the alleged breach of contract is between plaintiff and defendant and not between plaintiff and a third party. Endonovo would not be considered a third party as Collier is alleged in the complaint to be the CEO of the Endonovo. As such, this cause of action must be dismissed.

### THE COURT SHOULD AWARD DEFENDANTS ITS ATTORNEYS FEES AND SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL FOR DISREGARDING THE COURT'S DIRECT ORDER AND CAUSING DEFENDANTS TO BRING THIS UNNECESSARY MOTION TO ITS ERROR-FILLED COMPLAINT

Defendants have been compelled to respond to this "Amended Complaint" to protect itself from a runaway party seeking to short-cut the judicial processes and blatantly and brazenly ignore an Order of this Honorable Court.

Plaintiff was ordered to "renew" its claims after this action was dismissed without prejudice. A first year law student would even understand that.

Instead, to short cut the directive of the Court, Plaintiff filed its "Amended Complaint rather than file a new action and serve Defendants with process.

This conduct should not be tolerated. An Order is an Order and it clearly said that the action was dismissed without prejudice and invited Plaintiff to "renew" its claims. Nowhere does that read as it was granted leave to file an Amended Complaint.

Defendants respectfully submit that Plaintiff and its counsel should be sanctioned and duly pay the attorneys' fees incurred in defense hereof and being compelled to respond to the very same issues previously decided.

## ANY CLAIMS AGAINST THE INDIVIDUAL DEFENDANT MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO ALLEGE THE NECESSARY CHARGING ALLEGATIONS THEREAGAINST

Despite his capacity as an officer of the contracting party, the corporate Defendant Endonovo, Plaintiff has still insisted in naming Defendant Collier as a responsible party to these claims arising from the written agreement, unsigned by Defendant Collier as an individual and only as an officer.

Plaintiff has utterly failed to describe with the necessary particularity in each and every cause of action why said individual Defendant Collier is responsible other than the cavalier insertion of this Defendant as a party. Notwithstanding this glaring omission, there is no way on the face of the written agreement that Defendant Collier could ever be deemed legally responsible therefor. Thus, all causes of action against this individual Defendant must also be dismissed.

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendants respectfully submit and duly pray that the Court dismiss the Complaint in its entirety, that they be awarded its their attorney's fees incurred in bringing this Motion, that the Plaintiff and its counsel be

assessed the appropriate sanctions for their blatant and brazen disregard of this Court's previous Order

Dated: March 30, 2016

_____
Robert J. Young
Ellsworth & Young LLP
Lindenbaum & Young PC
11-11 44th Road
Suite 303
Long Island City, NY  11101
(718)875-8000
rjy24@aol.com