**UNITED STATES DISTRICT COURT:**
**EASTERN DISTRICT OF NEW YORK**

───────────────────────────────X

**VIS VIRES GROUP, INC.,**  Civil Action No.:
  CV-16-0470 (ADS) (AYS)

                       **Plaintiff,**

-against-

**ENDONOVO THERAPEUTICS, INC. AND ALAN COLLIER,**

                       **Defendants.**

───────────────────────────────X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

**Dated: April 12, 2016**

                                              Robert J. Young, Esq,
                                              Ellsworth & Young LLP
                                              Lindenbaum & Young PC
                                              11-11 44th Road - Suite 303
                                              Long Island City, NY 11101
                                              (718)875-8000
                                              rjy24@aol.com

## INTRODUCTION

Plaintiff opposes the pending Motion to Dismiss, claiming all of its pled causes of action should remain. Notwithstanding, and as a matter of law, Defendants contend that none of the causes of action founded in fraud can be sustained nor can the claims against the individual Defendant continue, as all are contentions arising out of a contractual relationship by and between only the two corporate parties. Most poignantly, Defendants submit and contend that the action must be dismissed in its entirety for want of subject matter jurisdiction should the only remaining cause of action be for breach of contract.

**DEFENDANTS STILL CONTEND THAT THE ORDER OF THE COURT WAS SILENT AS TO GRANTING LEAVE TO AMEND BUT NEVERTHELESS WITHDRAWS THEIR REQUEST FOR SANCTIONS**

Defendants concede that on page 18 the Court does, in fact, grant leave to file a First Amended Complaint. However, in the actual Order, it dismisses the Complaint but is silent as to what must occur, other than to Plaintiff to "renew" its efforts. What is confusing is without jurisdiction, the Court not make an order allowing a complaint to be amended to what has been dismissed Notwithstanding the confusion, Defendants still maintain that without jurisdiction the court cannot countenance its lack of propriety to entertain the action to even give plaintiff leave to Amend to remedy the lack of jurisdiction when the Court did not have the authority to grant such leave in the absence of jurisdiction in the first instance. However, in the spirit of resolving this ambiguity and misunderstanding, defendants withdraw their request for sanctions. Plaintiff must start over and "renew" its claims in an entirely newly filed action and re-serve defendants.

**THE COURT STILL LACKS JURISDICTION OVER THIS MATTER AS THE ASSERTION OF DIVERSITY JURISDICTION FAILS ON ITS FACE**

Plaintiff now seeks for the Court to assume jurisdiction of this matter, the

gravamen mainly of state claims for a breach of contract, based upon diversity jurisdiction, rather than its defeated subject matter jurisdiction.

However, as the court succinctly pointed out in its Memorandum of Decision and Order of March 1, 2016, 28 USC Section 1332 confers federal jurisdiction over "all civil actions where the matter in controversy "exceeds the sum or value of $75,000, **exclusive of interest and costs. . .**" [Emphasis added].

Herein, the two subject notes which form the basis of Plaintiff's claims only **total** $66,000. Plaintiff adds on its interest and penalties, its costs, to exceed the $75,000 limitation. Thus, the Amended Complaint, on its face, fails to confer the necessary monetary dollar amount for this court to exercise jurisdiction over these claims.

The Amended Complaint sets forth causes of action that when combined may arguably, in aggregate, exceed the jurisdiction threshold. But, if the Court adheres to its prior Order and dismisses the indicated causes of action, leaving only a contract claim, the amount stated above would not meet the jurisdiction minimum.

A federal court has the obligation to determine jurisdiction on its own even if the parties do not raise the issue. Sharkey v. Quartantillo, 541 F.3d 75, 87–88 (2d Cir. 2008) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir.2000)) ("To the extent the threshold limitations are jurisdictional, we are required to raise them sua sponte."). • See also 13 Wright & Miller § 3522, p. 126 ("Even if the parties remain silent, a federal court, whether trial or appellate, is obliged to notice on its own motion its lack of subject matter jurisdiction, or the lower court's lack of subject matter jurisdiction when a case is on appeal.")

Even if the Court had jurisdiction, which it does not, the Causes of Action should be dismissed for the following reasons:

**FIRST CAUSE OF ACTION: PLAINTIFF HAS NOT ADEQUATELY PLED PROMISSORY NOTE DEFAULTS**

Plaintiff still has not addressed the fundamental error in this First Cause of Action which, in and of itself, renders the Complaint not ripe for adjudication since, obviously, no breach can be said to have occurred if the date for payment has not passed. This is on the face of the subject notes. There can be no breach of payment until the due date is past.

Likewise, Plaintiff is silent as to the missing essential elements to render these instruments promissory notes. [Lugli v Johnston, 2010, 78 ad3d 1133[2d Dept. 2010]; Comforce Telecom, Inc. v Spears Holding Co., Inc., 42 AD3d 557 [2d Dept. 2007]). The complaint alleges that subject instrument calls for stock pursuant to a notice of conversion. As such the instrument does not call for the payment of money, only and, therefore, cannot be treated as a promissory note. Hence, there can be no breach of a failure to pay but only as to the alleged conversion. As this cause of action is fatally defective, it must be dismissed.

**SECOND CAUSE OF ACTION: PLAINTIFF HAS NOT ADEQUATELY PLED A FRAUD CAUSE OF ACTION**

The Court's March 1, 2016 decision disposed of the fraudulent inducement claim [See page 24 of the decision]. Notwithstanding, all Plaintiff can say is that the pleading must be believed. That belies the fundamental error of law so succinctly and previously enunciated:

> *"In the present case. . . . .the Court finds that although some of the Plaintiff's claims sound in equity, those claims are entirely duplicative of the Plaintiff's breach of contract claims. Specifically, the parties' relationship is governed by the terms of the July 2015 Note and SPA, and the Defendants' alleged failure to submit to the Plaintiff's Notice of Conversion is a breach of those agreements. The Plaintiff's entitlement to relief on both its contract and equitable claims is based on interpreting the Note and SPA and not based on the principles of equity, such an unjust enrichment. In- deed, the*

*Plaintiff's fraud in the inducement claim is based on alleged "fraudulent misrepresentation[s] of [Endonovo] and Collier contained within the Notes and Agreements and confirmed within resolutions of the Board of Directors of the Corporate Defendant including but not limited to the representations that [Endonovo] would not fail to comply with the conversion requirement of the Notes[.]" (Compl., Dkt. No. 1, at ,-r 29.) Thus, the essence of the Plaintiff's fraud claim is a breach of the Defendants' obligations under the July 2015 Note and SPA, not a breach of a fiduciary or other duty imposed outside the four corners of the parties' written contracts."*

Nothing has changed in this Amended Complaint and the Court must and should rule as before and dismiss these fraud claims with prejudice, as Plaintiff cannot ever state same arising from contract.

**THIRD & FOURTH CAUSES OF ACTION: PLAINTIFF HAS NOT ADEQUATELY PLED THE CAUSES OF ACTION SEEKING LOST PROFITS AND LITIGATION FEES**

Plaintiff's Opposition is rife with conclusion supporting its failing allegations. The third & fourth causes of action refer to damages upon an alleged breach of contract claim. However, the breach of contract is improperly set forth in the first cause of action as the default of a promissory note. As pointed out, no breach can be said to have occurred until the default occurs when the payment date is past. Plaintiff does not dispute that the liquidated damage clause controls over the penalty of 2x for alleged lost profits, which thus cannot be maintained nor can attorneys' fees be deemed a part of the case until it is determined at the conclusion that Plaintiff is the prevailing party. Plaintiff's silence in addressing these fundamental pleading defects scream that they are errant and must be stricken and these causes of action dismissed.

**SIXTH CAUSE OF ACTION: PLAINTIFF HAS NOT ADEQUATELY PLED A TORTIOUS INTERFERENCE CLAIM**

Once again, there is no direct opposition to this stretch to tie in the CEO, who merely signed a document, to the egregious claims it makes against Defendant Collier causing such harm as an individual to Plaintiff. The Amended Complaint and this cause of action utterly fail with the necessary charging allegations that Defendant Collier acted

outside his course and scope of employment for his own unjust enrichment. This stretch of the law and the facts should be noted and the cause of action dismissed with prejudice.

## CONCLUSION

Based upon the foregoing and its Motion to Dismiss, Defendants respectfully submit and duly pray that the entire action should be dismissed as the Court had no jurisdiction to grant leave for Plaintiff to amend its complaint correct lack of jurisdiction; the Amended Complaint fails in its entirety to state sufficient and adequate causes of action against Defendants, and each of them. Founded upon a due date not yet arrived, there can be no breach but for the alleged thwart of a grant of conversion, which is rife in usury.

The Amended Complaint should be dismissed with prejudice and Plaintiff sent packing to pursue its limited State claims upon default in payment after the subject due dates, if that then makes these "notes" in default and then ripe for adjudication.

Dated: April 12, 2016

                                                               L/s

                                                               Robert J. Young, Esq.
                                                               Ellsworth & Young LLP
                                                               Lindenbaum & Young PC
                                                               11-11 44th Road
                                                               Suite 303
                                                               Long Island City, NY 11101
                                                               (718)875-8000
                                                               rjy24@aol.com